793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JESSE D. EVANS, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1438
 United States Court of Appeals, Sixth Circuit.
 5/22/86
 
 REVERSED AND REMANDED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and JONES, Circuit Judges; and THOMAS, Senior District Judge*.
 MERRITT, Circuit Judge.
 
 
 1
 Jesse D. Evans appeals from the Secretary's denial of his application for disability insurance benefits (DIB) and supplemental security income (SSI). We reverse with respect to Evans' claim for SSI, and remand for clarification of the Secretary's position regarding Evans' eligibility for DIB in 1975-76.
 
 I.
 
 2
 Evans filed his claim for DIB and SSI on December 18, 1981. After his claim was denied he appeared before Administrative Law Judge Wilenkin who conducted a hearing and concluded that the claimant was ineligible for any benefits. Evans then filed a complaint in the district court, which referred the matter to a magistrate. The magistrate rejected the DIB claim, but recommended that Evans' SSI claim be remanded to the Secretary to determine whether his impairment met the requirements of section 1.05c of the Listing of Impairments. 20 C.F.R. Subpart P, Appendix I (1985). The district court accepted the magistrate's first conclusion, but rejected her recommendation to remand on the SSI claim. This appeal followed.
 
 
 3
 At the hearing before the ALJ Evans testified that he was forty-one years old, with an eighth grade education, and a history of unskilled employment. Evans complained of neck and back pain, headaches, unsteady gait, numbness in certain fingers and his right foot, and dizzy spells. He testified that his ability to grip objects with his hands is poor, and that his activities are limited.
 
 
 4
 The medical evidence reveals that Evans has been hospitalized on several occasions for back-related problems. In 1975 he was diagnosed as suffering from cervical sponolylosis and a leptomeningeal cyst in the cervical area. A cervical laminectomy, exploration and drainage were performed. Dr. Gerald Moore, who treated Evans intermittently from 1975 through 1981, noted a spastic gait, neck and back pain, and poor reflexes. In 1976 Dr. Moore noted 'spinal chord findings as well as nerve root abnormalities in the left cervical region.' (JA, at 219) As late as 1981 Dr. Moore wrote that Evans was 'about the same.' (JA, at 223)
 
 
 5
 Evans other treating physician, Dr. Podolsky, diagnosed a degenerative disc disease in the cervical spine 'with resultant laminectomy deficits and persistent muscular spasm. . . .' (JA, at 261)
 
 
 6
 Collectively, the three doctors who performed consultative examinations at the request of the Secretary found Evans almost completely deaf in his right ear, and suffering from significant hearing loss in his left ear. (JA, at 238) Evans' range of motion in the cervical spine was found to be limited, and his grip weak. (JA, at 245)
 
 II.
 
 7
 On appeal Evans claims eligibility for both DIB and SSI. It is undisputed that in order to qualify for DIB, Evans must show he was disabled prior to December 31, 1977, when his insured status expired. Evans claims that since Dr. Moore concluded he was disabled in 1975 and later said his condition was 'worse' in 1978, this establishes his disability. Additionally, Evans points out that the ALJ apparently conceded Evans may have been disabled in 1975-1976.[1] We agree with Evans that the ALJ's conclusion with respect to his DIB claim is arguably inconsistent with this comment.
 
 
 8
 With respect to his claim for SSI, Evans argues that he clearly meets the requirements of section 1.05c of the Listing. We agree. Section 1.05c states:
 
 
 9
 C. Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 10
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 11
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 12
 The Secretary contends that Evans has not demonstrated 'Appropriate radicular distribution of significant motor loss . . ..' However, our review of the record demonstrates that Dr. Podolsky was, apparently, the only doctor who explicitly considered whether or not Evans' motor loss, muscle weakness, and reflex loss, were radicular in nature. And, Dr. Podolsky concluded that:
 
 
 13
 Mr. Evans does have a degenerative disc disease of the cervical spine . . . and persistent muscle spasm with possible radiculopathy into the upper extremities. (JA, at 261)
 
 
 14
 In light of Dr. Podolsky's uncontroverted findings and Evans' own testimony about the nature of his pain, we cannot say that the Secretary's findings with respect to the SSI claim are supported by substantial evidence.
 
 
 15
 The judgment of the district court is reversed, and the case remanded with instructions to direct the Secretary to grant claimant SSI benefits and clarify her position on the alleged disability in 1975-76.
 
 
 
 *
 The Honorable William K. Thomas, Senior District Judge for the United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 'The aforementioned medical documentation causes the undersigned to believe that the claimant may have been precluded from the performance of substantial gainful activity in 1975 and early 1976 . . ..' (JA, at 17)